UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JACOB ELIJAH JOHNSON,** Plaintiff, v. **META PLATFORMS, INC.**, Defendant. | 2:22-CV-10929-TGB-KGA HON. TERRENCE G. BERG HON. KIMBERLY G. ALTMAN **ORDER DISMISSING CASE** |

Plaintiff Jacob Elijah Johnson filed this suit against Meta Platforms, Inc. ("Meta"), alleging that Meta violated his rights by preventing his access to various aspects of Instagram and Facebook. *See* Compl., ECF No. 1. Plaintiff requests permission to proceed *in forma pauperis*—that is, without prepaying the filing fees that would ordinarily apply. IFP App., ECF No. 2. For the reasons explained below, Plaintiff's request to proceed without prepaying fees will be granted, but his complaint will be dismissed for failure to state a claim upon which relief may be granted.

### I. STANDARD OF REVIEW

The standards governing *in forma pauperis* motions are found in 28 U.S.C. § 1915(a)(1). The statute provides that a court may authorize a person to file suit without prepaying the filing fees that are ordinarily required if that person submits an affidavit demonstrating that the

1

person "is unable to pay such fees or give security therefor." *Id.* That statute also provides, however, that a court "shall" dismiss a case brought by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii). An *in forma pauperis* complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The Sixth Circuit has directed district courts to examine suits brought by plaintiffs seeking to proceed *in forma pauperis* "the moment the complaint is filed" for compliance with § 1915(e)(2), instructing that complaints that do not fall within 1915(e)(2)'s requirements "must be dismissed." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-609 (6th Cir. 1997) (overruled in part on other grounds, *Jones v. Bock*, 549 U.S. 199, 203 (2007)).

### III.  DISCUSSION

In his Application to proceed without prepaying fees or costs, Plaintiff indicates that he receives no wages, nor any other income, and has less than $5.00 in cash and his bank accounts. IFP App., ECF No. 2, PageID.8-9. Plaintiff also represents that he owes a substantial sum of back rent. *Id.* Based on this information, the Court will grant Plaintiff's Application to Proceed *In Forma Pauperis*.

Plaintiff alleges in his complaint that Meta Platforms, Inc., a publicly-held corporation formerly known as Facebook, Inc., violated his civil rights by preventing his access to Instagram and Facebook Live, preventing him from posting certain content, and allowing third parties "access, input and control" over his social media accounts. *See* ECF No. 1, PageID.2-5. Plaintiff mentions Title VII of the Civil Rights Act of 1964 and the First Amendment to the United States Constitution, although the Court presumes Plaintiff purports to state his First Amendment claim under 42 U.S.C. § 1983. *See, e.g.*, *Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014)("To the extent that Appellants attempt to assert direct constitutional claims, they fail; we have long held that § 1983 provides the exclusive remedy for constitutional violations."). Plaintiff seeks an award of $500,000,000 in punitive damages as well as "exemplary damages of 33.34% controlling OWNERSHIP in [Meta] or 1/3 one-third of total assets value, present day estimated at $55,329,000,000 (Fifty-five billion, three hundred and twenty-nine million dollars)". Compl., ECF No. 1, PageID.5.

Title VII of the Civil Rights Act is plainly not applicable here, because that statute concerns discriminatory practices in employment, and Plaintiff has alleged no facts suggesting that he has any employment relationship with Meta, or that it engaged in any type of discrimination. As for 42 U.S.C. § 1983, to state a claim under that statute, a plaintiff

3

must allege "[(1)] the violation of a right secured by the Constitution and laws of the United States, and [(2)] that the alleged violation was committed by a person acting under color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal marks and citation omitted).

Without citing any facts, Plaintiff makes the claim that Meta is "acting as an AGENT of the government by proxy" because of its size and influence, and may "directly and indirectly have assisted in shielding U.S. Government corruption." Compl., ECF No, 1, PageID.4-5. Such a conclusory allegation is insufficient to support the conclusion that Meta was acting under color of state law when it allegedly took the actions of which Plaintiff complains. There is no fact alleged that connects the Defendant's actions to any government agency. The Court recognizes that it must "liberally constru[e]" the allegations in Plaintiff's complaint, because the pleadings of self-represented litigants "are held to less stringent standards than formal pleadings drafted by lawyers." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Even under the most generous reading, however, the facts set out in the complaint here do not allege an

4

arguable civil rights claim against Meta. Consequently Plaintiff's Complaint fails to state a claim upon which relief may be granted, and must be dismissed because it does not satisfy the requirements of 28 U.S.C. § 1915(e)(2).

## CONCLUSION

Although Plaintiff is entitled to proceed without prepaying the ordinary filing fees, Plaintiff has not stated a claim upon which relief may be granted. Therefore, it is **ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**. It is **FURTHER ORDERED** that the Plaintiff's complaint (ECF No. 1) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

Dated: May 25, 2022          s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE