UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JACOB ELIJAH JOHNSON,** Plaintiff, v. **META PLATFORMS INC.,** Defendant. | 2:22-CV-10929-TGB-KGA<br><br>HON. TERRENCE G. BERG<br>HON. KIMBERLY G. ALTMAN<br><br>**ORDER DENYING "MOTION TO CLARIFY EX PARTE COMMUNICATIONS" (ECF NO. 8)** |

On May 2, 2022, Plaintiff Jacob Elijah Johnson filed this suit against Meta Platforms, Inc., alleging that they violated his rights by preventing his access to various aspects of Instagram and Facebook. *See* Compl., ECF No. 1. On May 25, 2022, this Court summarily dismissed Johnson's suit, explaining that Johnson's complaint did not state a claim against Meta Platforms (ECF No. 7) because Johnson had not plausibly alleged any employment relationship between him and Meta Platforms, as required to state a claim for a violation of Title VII of the Civil Rights Act of 1964, nor had Johnson plausibly alleged that any of the actions he complained of were done under the color of law, as required to sustain a claim under 42 U.S.C. § 1983. This case was closed on May 25.

Plaintiff Johnson has filed a "Motion to Clarify Ex Parte Communications" (ECF No. 8) seeking to "clarify whether there has been

1

U.S. GOVERNMENT interaction between [this Court], in regards to this case." ECF No. 8, PageID.22. Because this case is closed, and Plaintiff Johnson's claims have been dismissed, Plaintiff's motion is not proper. It is also frivolous and lacks any basis in law or fact. No communications of any kind have taken place between the Court and anyone about this case—other than with Plaintiff Johnson, who has called the Court several times.

If a Court's order contains a manifest error of fact or law, a party may file a motion to alter or amend the judgment in conformity with Fed. R. Civ. P. 59(e). Or, if sufficient grounds exist, a party may move for relief from judgment under Fed. R. Civ. P. 60(b). But a motion under either Rule 59 or Rule 60 may not be used just to relitigate or renew legal arguments that a Court has already rejected. If Plaintiff Johnson disagrees with the Court's legal conclusions, his proper recourse is an appeal to the United States Court of Appeals for the Sixth Circuit. However, because any appeal from the Court's prior order could not be taken in good faith, Plaintiff Johnson would not be entitled to proceed in forma pauperis on appeal. Plaintiff Johnson will be required to pay the full appellate filing fee of $505 if he chooses to appeal. *See* 28 U.S.C. § 1915(a)(3).

Finally, because the Court dismissed Plaintiff Johnson's claims without prejudice, Johnson may request permission to file an amended complaint that addresses the deficiencies the Court identified in its prior

order. Filing an amended complaint with the Court's permission would reopen this case without the need for additional motions or an appeal. Any motion requesting permission to amend should be accompanied by a proposed amended complaint. That proposed amended complaint must clearly identify why Plaintiff Johnson believes he is entitled to relief, must identify the law or laws under which Plaintiff Johnson seeks to proceed, and must include specific, plausible, and adequate facts supporting the claims alleged. This Court will not grant permission to file an amended complaint that does not satisfy these requirements.

Accordingly, Plaintiff's "Motion to Clarify Ex Parte Communications" is **DENIED**. This case remains **CLOSED**.

**IT IS SO ORDERED.**

Dated: July 7, 2022    s/Terrence G. Berg
　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　UNITED STATES DISTRICT JUDGE